Seymour MALLY, William Mossberg and Martin B. Lein, Plaintiffs,

v.

David BERLINGER and Louis Berlinger, Individually and as co-partners doing business under the firm name and style of D. Berlinger & Son, a copartnership, and David Berlinger, doing business as D. Berlinger, Defendants.

Civ. No. 15016.

United States District Court
E. D. New York.
June 24, 1957.

---

**12.** 338 U.S. 269, 274–275, 70 S.Ct. 110, 113.

Weisman, Celler, Allan, Spett & Shein-berg, by Irving Rozen, New York City, for plaintiffs.

Charles A. Hirsch, Brooklyn, N. Y., for defendants.

RAYFIEL, District Judge.

The complaint herein alleges two causes of action; the first, to recover unpaid overtime compensation, and an additional equal amount as unliquidated damages, pursuant to the provisions of Section 216(b) of Title 29, United States Code Annotated and the second to recover damages for breach of certain contracts of employment.

The defendants named in the original complaint, David Berlinger and Louis Berlinger co-partners doing, business under the firm name and style of D. Berlinger & Son, moved under Rule 12(b) (1) of the Federal Rules of Civil Procedure, 28 U.S.C.A., to dismiss the first cause of action on the ground that the Court lacks jurisdiction thereof. It was their contention that they were exempt from the provisions of Section 216(b), supra, because the business which they operated was a retail establishment, within the purview of Section 213(a) (2) of said Title. In a decision, dated March 31, 1955, I directed that a hearing be held of the issues involved. In a supplemental memorandum, dated April 11, 1955, I made the further decision that the defendants would have the burden of establishing at said hearing that they were entitled to exemption from the provisions of Section 216(b), supra.

Prior to the hearing the plaintiffs amended their complaint by adding as a party defendant "David Berlinger, doing business as D. Berlinger".

The hearing was held on June 7, 10 and 14, 1957, and was virtually as extensive as a full trial of the issues raised by the pleadings. All the parties testified and documentary evidence was received. The hearing disclosed that the co-partners above-named conducted a furniture and household appliance business at 1741 Sheepshead Bay Road, Brooklyn, New York, and that David Berlinger, trading as D. Berlinger, maintained a glazing, mirror, venetian blind and window-shade business at 1736 Sheepshead Bay Road; and that when the space at 1741 was inadequate to hold all the partnership merchandise, some of the surplus would be stored at 1736. During the hearing the plaintiffs conceded that the business conducted by the partnership at 1741 Sheepshead Bay Road was a retail establishment within the meaning of Section 213(a) (2), supra, but that the business conducted by all three defendants at 1736 was not entitled to such exemption.

Clear and convincing proof was adduced by the defendants to the effect that more than 75 per cent, in fact, virtually 100 per cent of the annual dollar volume of sales of goods or services was not for resale, that all the business done at 1736, whether by the partnership or by D. Berlinger, was recognized as retail sales or services in their respective industries, and that far in excess of 50 per cent of such sales or services were made or performed within the State of New York. I am satisfied that there is no genuine issue as to those facts.

**520**

For the foregoing reasons the defendants' motion to dismiss the first cause of action is granted.

Since all the parties involved are residents of the State of New York the second cause of action was dismissed for lack of diversity of citizenship.

Settle order on notice.